UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER ANNA CRAVEN, | |
| Plaintiff, | |
| v. | C24-5461 TSZ |
| TRAVIS DAVIS, et al, | ORDER |
| Defendants. | |

THIS MATTER comes before the Court on a Report and Recommendation ("R & R"), docket no. 23, issued by Magistrate Judge David Christel, regarding Defendants' Motion for Summary Judgment, docket no. 19. Having reviewed the Defendants' Objections, docket no. 24, to the R & R, the Court hereby ADOPTS the R & R and enters the following order.

Defendants raise two objections to the R & R. See Defs. Obj. at 4–8 (docket no. 24). First, Defendants claim Plaintiff Jennifer Craven's Complaint is not verified and therefore the R & R improperly characterized and identified evidence in the record for which there is no factual basis. Second, Defendants contend the R & R ignored Plaintiff's burden of proof, which Plaintiff failed to satisfy. The Court will address each argument sequentially.

ORDER - 1

A.   **Plaintiff's Complaint is verified**

Defendants claim that the R & R "improperly transforms an unsigned attachment" to the Complaint into a verified complaint. Defs. Obj. at 4–5 (docket no. 24). Defendants argue in the alternative that even if the attachment is construed as part of the Complaint, it contains hearsay that cannot be part of a verified complaint. Id. at 5. Therefore, Defendants contend, Plaintiff has failed to satisfy her burden of proof. A complaint may be used as an affidavit in opposition to a motion for summary judgment if it is verified. McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987). A complaint is verified if it is based on personal knowledge and sets forth specific facts admissible in evidence. Id.

The attachment to Plaintiff's Complaint is incorporated into the Complaint and therefore will be treated as part of the Complaint. In the section titled "Statement of Claim" of her Complaint, Plaintiff wrote the following:

> On 07/19/2024 in Grays Harbor County Washington State this incident happen [sic]
> PLEASE SEE ATTACHED

Compl. at 4 (docket no. 4). On the final page of the Complaint, Plaintiff declared under penalty of perjury that "the foregoing is true and correct" and included her signature and the date. On the next page, labeled "Attached 1", Plaintiff provides a description of the events supporting her claim. Plaintiff clearly incorporated this attachment into her Complaint through her note to "PLEASE SEE ATTACHED." Plaintiff need not have included another declaration that "Attached 1" was true and correct under penalty of

ORDER - 2

1   perjury to satisfy the requirements of 28 U.S.C. § 1746.  Defendants cite no authority to

2   suggest otherwise.

3         Plaintiff's Complaint, including most of the statements in "Attached 1," is verified

4   because it is based on personal knowledge and sets forth specific facts admissible in

5   evidence.  Defendants do not claim that "Attached 1" is not based on Plaintiff's personal

6   knowledge.  Defendants are correct that the statements made by Plaintiff's doctor are

7   inadmissible hearsay, as are those of the unnamed deputy county sheriff who came to

8   relieve Defendant C/O Green, see Green Decl. at 1–2 (docket no. 20), but the remaining

9   statements are admissible.

10      **B.**    **Plaintiff has satisfied her burden of proof**

11        Defendants argue they are entitled to summary judgment because the facts

12  Plaintiff asserts do not establish the absence or presence of a genuine dispute or that

13  Plaintiff cannot produce admissible evidence to support those facts.  Defs. Obj. at 6–7

14  (docket no. 24); see Fed. R. Civ. P. 56(c)(1)(B).

15        The elements of a denial of adequate medical treatment claim are: (1) "the

16  defendant made an intentional decision with respect to the conditions under which the

17  plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of

18  suffering serious harm"; (3) "the defendant did not take reasonable available measures to

19  abate that risk, even though a reasonable official in the circumstances would have

20  appreciated the high degree of risk involved—making the consequences of the

21  defendant's conduct obvious"; and (4) "by not taking such measures, the defendant

22  caused the plaintiff's injuries."  Gordon v. Cnty. of Orange, 888 F.3d 1118, 1125 (9th

23

ORDER - 3

1  Cir. 2018).  Defendants contend Plaintiff lacks sufficient evidence to support elements
2  two, three, and four of her claim.  At summary judgment, all "justifiable inferences" must
3  be drawn in favor of the nonmoving party.  Strong v. Valdez Fine Foods, 724 F.3d 1042,
4  1045 (9th Cir. 2013).
5       All three elements challenged by Defendants have sufficient factual support in the
6  record.  The modes of transportation to the hospital contemplated for Plaintiff included an
7  ambulance, which was denied, and a "med vac" helicopter, which was ultimately used
8  when Plaintiff was furloughed.  A justifiable inference from the necessity of these
9  emergency modes of transportation is that Plaintiff was at substantial risk of suffering
10 serious harm.  This is compounded by the undisputed fact that Plaintiff had to wait hours
11 before receiving emergency transportation to the hospital.  Plaintiff's potential use of an
12 ambulance was prohibited by Defendants, and only the unnamed deputy was offered to
13 transport Plaintiff.  Had Plaintiff been allowed to be transported in an ambulance, a
14 justifiable inference would be that medics and other healthcare professionals
15 accompanying Plaintiff could have continued to monitor Plaintiff's deteriorating health.
16 Transport by a lone sheriff's deputy would have offered no such service.  There is an
17 absence of expert testimony that supports any difference in the severity of Plaintiff's
18 alleged injuries as a result of the delay between Plaintiff requesting an ambulance and
19 when she finally received treatment at the hospital.  Nevertheless, a justifiable inference
20 is that Plaintiff's delay in seeking emergency treatment furthered the harm Plaintiff
21 articulated in her Complaint.  Accordingly, Plaintiff has satisfied her burden and set forth
22 sufficient facts to support the elements of her claim.
23

ORDER - 4

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)  The Report and Recommendation, docket no. 23, is ADOPTED.

(2)  Defendants' Motion for Summary Judgment, docket no. 19, is DENIED.

(3)  This case is REFERRED back to Judge David W. Christel for all pretrial matters. Judge Christel should take steps to determine whether Plaintiff would like to retain an attorney, and if so, appoint an attorney to represent Plaintiff in this case.

(4)  The Clerk is directed to send a copy of this Order to all counsel of record, Plaintiff Jennifer Craven pro se, and to the Hon. David W. Christel.

IT IS SO ORDERED.

Dated this 11th day of June, 2025.

_____
Thomas S. Zilly
United States District Judge

ORDER - 5