UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER A. CRAVEN,<br><br>                Plaintiff,<br>    v.<br><br>DAVIS, et al.,<br><br>                Defendants. | CASE NO. 3:24-CV-5461-TSZ-DWC<br><br>ORDER GRANTING MOTION FOR APPOINTMEN OF COUNSEL AND DIRECTING *PRO BONO* COORDINATOR TO IDENTIFY *PRO BONO* COUNSEL |

On June 11, 2025, the Honorable Thomas S. Zilly, the Senior District Judge assigned to this case, adopted the undersigned's Report and Recommendation and denied Defendants Davis and Green's Motion for Summary Judgment. Dkt. 25. Judge Zilly referred the matter back to the undersigned for pretrial matters and to determine whether Plaintiff Jennifer Craven would like to retain an attorney. *Id*.

Based on the referral from Judge Zilly, the undersigned directed Plaintiff to file a motion for appointment of counsel or a response notifying the Court of her intent to continue to litigate this case without counsel. Dkt. 27. On June 25, 2025, Plaintiff filed a Motion for Court-

ORDER GRANTING MOTION FOR
APPOINTMEN OF COUNSEL AND DIRECTING
PRO BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 1

Appointed Counsel. Dkt. 27.[1] After review of the record, Plaintiff's Motion for Court-Appointed Counsel (Dkt. 27) is GRANTED and the Court refers this matter to the *pro bono* coordinator for appointment of counsel from the Western District Pro Bono Panel to represent Plaintiff in this matter.

I.   Discussion

A.   *Request for Court-Appointed Counsel*

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing she has an insufficient grasp of her case or the legal issues involved and an inadequate ability to articulate the factual basis of her claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff has been attempting, unsuccessfully, to obtain counsel since January of 2025. Dkt. 27. Plaintiff's claims have survived summary judgment and this case is being readied for

---

[1] The Court notes Defendants' have not filed a response and the time to do so has not expired. However, the Court has determined a response to the Motion is not necessary in this instance.

ORDER GRANTING MOTION FOR
APPOINTMEN OF COUNSEL AND DIRECTING
PRO BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 2

trial. As Plaintiff is incarcerated, it will be very difficult for her to litigate this case at trial without counsel. Plaintiff has shown the potential for success on the merits and has shown a difficulty litigating this case. Therefore, the Court concludes exceptional circumstances exist in this case which allow the Court to assist Plaintiff in securing counsel. Plaintiff's Motion (Dkt. 27) is granted.

B.  *Requesting Voluntary Assistance of Counsel*

While the Court lacks the authority to require counsel to represent indigent prisoners in a § 1983 case, *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989), the Court may request voluntary assistance of counsel pursuant to 28 U.S.C. §1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In this case, the Court finds the interest of justice will best be served if counsel from the Western District Pro Bono Panel is appointed to represent Plaintiff in this matter. *See Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (stating that appointment of counsel may be justified when a proceeding will go forward "more efficiently and effectively").

II.    **Conclusion and Directions to Clerk**

For the above stated reasons, Plaintiff's Motion for Court-Appointed Counsel (Dkt. 27) is granted and Plaintiff is appointed counsel, contingent on the identification of counsel willing to represent Plaintiff in this matter. The Western District of Washington's *pro bono* coordinator is directed to identify counsel to represent Plaintiff, in accordance with the Court's General Order 07-23, Section 3.

The Court finds this matter shall be stayed while the *pro bono* coordinator attempts to identify counsel. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue any additional appropriate orders.

ORDER GRANTING MOTION FOR
APPOINTMEN OF COUNSEL AND DIRECTING
PRO BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 3

The Clerk is directed to stay this case and provide a copy of this Order to the *pro bono* coordinator.

Dated this 2nd day of July, 2025.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge